In re ROEBER (two cases).

ENTWISLE, Petitioner.

(Circuit Court of Appeals, Second Circuit.    December 8, 1903.)

Nos. 35, 36.

1. BANKRUPTCY—POWERS OF COURT—AMENDMEN' OF INFORMAL CLAIMS.

Courts of bankruptcy have the usual power of courts to permit amendments, and where, within the year allowed for filing claims, papers were filed by certain creditors, signed by counsel, but unverified, setting out their claims, and asserting a lien therefor on a fund due the bankrupt, which claim was subsequently, and more than a year after the adjudication, determined adversely to them, it was a legitimate exercise of such power for the court to permit the papers on file to be amended and verified to conform to the requirements of formal claims.

Petitions to Review Orders of the District Court of the United States for the Eastern District of New York.

See 121 Fed. 444; Id., 449, 57 C. C. A. 565.

This cause comes here upon two petitions to review orders in bankruptcy made in the District Court for the Eastern District of New York. The orders are substantially alike; one being in favor of the Otto E. Reimer Company, and the other in favor of Louis Bossert & Son; both concerns being creditors of the bankrupt.

T. J. Kenneson, for petitioner.

J. T. Sackett, for respondent in No. 35.

J. Stuart Ross, for respondent in No. 36.

Before LACOMBE and TOWNSEND, Circuit Judges.

LACOMBE, Circuit Judge.    The orders sought to be reviewed admitted the above-named creditors to participation with the others, and awarded them a pro rata share of the bankrupt's estate.    Inasmuch as Roeber was adjudged a bankrupt September 13, 1901, and the application for the order sought to be reviewed was not made until January, 1903, it was resisted by the trustee as being barred by the provisions of the bankrupt act.

The relevant sections are:

"Sec. 57a.  Proof of claims shall consist of a statement under oath, in writing, signed by a creditor, setting forth the claim, the consideration, and whether and if so what securities are held therefor, and whether any, and, if so what payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor." Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443].

"Sec. 57n.  Claims shall not be proved against a bankrupt estate subsequent to one year after adjudication," etc.  30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

If the order of the District Court had undertaken to allow the filing of a claim subsequent to September 13, 1902, it would be obnoxious to the prohibition last above cited. In this proceeding, however, the two creditors originally claimed each to have a lien on a special fund due from one Louisa Leiser to the bankrupt. The District Court sustained their claims (121 Fed. 444), but this court reversed the District Court. 121 Fed. 449, 57 C. C. A. 565. In the course of the proceedings, and on March 10, 1902, there was filed in the District Court a document inartificially drawn if considered as a "proof of claim," but which contained averments that there was due and owing to Louis Bossert & Son the sum of $2,985.13 for materials furnished to the bankrupt in the erection of a building for said Leiser, and that the certain sum of money then paid by Leiser into court was security therefor. This document was signed by the attorney for Louis Bossert & Son, but not 'sworn to. It contains similar averments as to the Otto E. Reimer Co., and is similarly signed by them. If this be considered a claim, it was filed in time. The District Court has now allowed this document, which already contained a "statement setting forth the claim, the consideration therefor, whether any, and if so what securities are held therefor, and that the sum claimed is owing from the bankrupt to the creditor," and which is signed by the creditor, to be amended so as to conform to the requirements of the act; thus allowing the addition to it of the statement that no payments have been made thereon (a fair and natural inference from the original), and the oath of the creditor.

Bankruptcy courts have the usual power of courts of justice, upon motion and for good cause, to allow amendments. All parties were advised of the claim within the year There is no dispute that the amount claimed is justly owing from the bankrupt. The amendment was in furtherance of justice, and within a legitimate exercise of the power of amendment, under the authorities. In re Craft, 6 Blatchf. 177, Fed. Cas. No. 3,317; In re Gallinger, Fed. Cas. No. 5,202.

The orders of the District Court are affirmed.