In re J. M. MERTENS & CO.

(Circuit Court of Appeals, Second Circuit.    May 22, 1906.)

No. 196.

1. BANKRUPTCY—CLAIMS—PROOF—ALLOWANCE.

Bankr. Act July 1, 1898, c. 541, § 63, subd. "a," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], provides that debts founded on an implied contract may be proved and allowed, and subdivision "b" declares that unliquidated claims may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the bankrupt's estate. Section 57, subd. "a" (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), declares that proof of claims shall consist of a statement under oath, in writing signed by a creditor setting forth the claim, the consideration, and that the sum is justly owing from the bankrupt to the creditor. Subdivision "c" declares that claims after being proved, may, for the purpose of allowance, be filed by the claimants, and subdivision "d," that proved claims shall be allowed on presentation to the court, unless objection is made. Subdivision "f," makes the determination of objections dependent on the convenience of the court and the best interests of the estate and the claimants, and subdivision "n" (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), declares that claims shall not be proved subsequent to one year after the adjudication, or if they are liquidated by litigation, and the final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days after the rendition of such judgment. Held, that the "proof" and the "allowance" of claims are separate and distinct steps, and that where a written statement of claim, duly verified, is filed with the referee within the year, such filing is sufficient to take the claim out of the statutory limitation, and it may be allowed, or liquidated and allowed thereafter.

2. SAME—PROOF OF CLAIM—LIQUIDATION.

A claimant's proof in bankruptcy proceedings stated the amount claimed. The trustee did not dispute the facts, nor make any counter allegations, but objected that, if it was for a tort, it was not provable under the act, and, if it was for damages on an implied contract, it could not be filed until the damages had been liquidated, which could

147 F.—12

not be done after the expiration of a year from the adjudication, etc. The trustee, however, expressly admitted that the amount was accurate, and offered to allow the proof if the claimant would abandon his claim of fraud. *Held* that, the bankrupts, claimant, and trustee all having agreed as to the amount due on the claim, it was entitled to be allowed as a liquidated claim.

Appeal from the District Court of the United States for the Northern District of New York.

See 144 Fed. 818; 142 Fed. 445.

On appeal by the American Woolen Company from an order of the District Court for the Northern District of New York affirming an order of the referee disallowing a claim, filed by the Woolen Company for $28,614.15.

Lee M. Friedman and Benjamin Stolz, for appellant American Woolen Company.

Frank Hiscock, Ceylon H. Lewis, and Will B. Crowley, for respondent trustee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. On September 13, 1904, two days before the expiration of one year from the date of adjudication, the American Woolen Company filed a claim for $28,614.15, stating fully the facts out of which the claim arose.

Briefly stated the transaction was as follows:

On and prior to August, 1903, the woolen company, at the special instance of the bankrupts, delivered to them woolens and cloths, an itemized statement of which is annexed to the proof, reasonably worth the sum of $28,614.15. The proof proceeds as follows:

"That the goods so mentioned in 'Exhibit B' were delivered in pursuance of pretended contracts of sale, which the said American Woolen Company of New York was induced to enter into by the false representations of the said bankrupt, touching the financial responsibility of said firm and its members; that the said firm procured said goods by falsely and fraudulently stating to the said corporation that it was solvent, had a large surplus in its business, and was worth a large sum of money over and above its debts and liabilities; that the representations made by said firm to the said corporation were false and known to be false by said bankrupts and were made with the false and fraudulent purpose of inducing said corporation to sell said goods to said bankrupts upon credit and said company relied upon such representations so made to it in making the deliveries above mentioned; that thereafter the said American Woolen Company duly disaffirmed said sales and rescinded said contracts of sale and demanded of the said bankrupts that they surrender to said corporation possession of said goods, which the bankrupts refused to do; that on account of the indebtedness arising from said deliveries specified under 'Exhibit B' nothing has been paid by the said bankrupts."

The proof concludes by alleging that because of the foregoing facts the bankrupts are indebted to the woolen company in the sum above stated "for deliveries made in pursuance of pretended contracts of sale which have been rescinded."

At a meeting of creditors, held after the filing of this proof of claim, the counsel for the trustee demanded that the claimant state

whether the claim was filed for the contract price of goods sold and delivered or for damages upon an implied contract or whether it was in tort. Afterwards the counsel for the claimant stated, in substance, that the claim shows upon its face what it is for, but that it was not filed on the theory of goods sold and delivered. Thereupon the trustee filed objections to the claim upon the ground that it must be construed either as a claim based on fraud or for damages arising out of an implied contract. If the former, it is not provable under the act, and if the latter, being a claim for damages, it cannot be filed until the damages are liquidated and, as more than a year had elapsed since the adjudication, it was then too late to liquidate them.

The referee sustained the trustee's contention, holding that the claim might be considered as one for damages resting upon an implied contract but that as the damages were unliquidated and as no application for liquidation was made within a year after the adjudication, the claim must be disallowed.

The petition for review of the referee's decision states that the goods in question were obtained from the woolen company by the false and fraudulent representations of the bankrupts and that as soon as the woolen company learned of the fraud it demanded of the trustee that he return the said goods, which had come into his possession, and, on his refusal to do so, it commenced a suit for conversion against him. It also appears that the District Court issued an injunction restraining the prosecution of this suit.

The bankrupts' schedules, filed in the bankruptcy proceedings, state that the woolen company is a creditor in substantially the same amount stated in the proof of claim—the difference being only $2.18. It is also alleged, and found as a fact by the referee, that after the objections to the claim were filed by the trustee he offered to withdraw the same and allow the claim for the full amount stated, if the woolen company would waive the fraud and modify the claim so as to make it one for goods sold and delivered. This would, of course, have been tantamount to a withdrawal of its suit against the trustee for conversion and the woolen company declined to consent to what it deemed an entirely unjustifiable condition. But the offer of the trustee raises a well-nigh conclusive presumption that there never was any doubt in his mind as to the amount which the bankrupts owed the woolen company.

The practical situation, then, is this: The woolen company has a claim against the bankrupts for $28,614.15, the amount being admitted alike by the bankrupts and the trustee; it also has a claim for the same amount against the trustee for conversion, growing out of the fraudulent representations of the bankrupts when the goods were ordered.

Manifestly the woolen company is entitled to its goods or the value thereof or, failing to establish fraud, to its share in the bankrupts' estate. If, however, the present status continues the woolen company will be deprived of both remedies—its claim has been disallowed and its lawsuit enjoined. Such a condition of affairs does not appeal strongly to a court sitting to do equity, and should not be permitted

to continue unless considerations, conceded to be technical, imperatively demand it.

The provisions of the statute must, of course, be followed, but in construing them the court should keep in mind the fact that one of the chief objects of the law is to secure a fair division of the bankrupt's estate among his creditors.

Section 63 of Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447] provides (subdivision "a") that debts "may be proved and allowed" founded upon an implied contract and subdivision "b" provides that unliquidated claims may, "pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

Section 57 provides (subdivision "a") that:

"Proof of claims shall consist of a statement under oath, in writing signed by a creditor setting forth the claim, the consideration therefor * * * and that the sum is justly owing from the bankrupt to the creditor." 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443].

The section further provides (subdivision "c") that "claims after being proved may, for the purpose of allowance, be filed by the claimants," and (subdivision "d") that "claims which have been duly proved shall be allowed, upon receipt by or presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

Subdivision "f" makes the determination of objections dependent upon the convenience of the court and the best interests of the estate and claimants.

Subdivision "n" provides that:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment." 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

From these various sections we deduce the following propositions: That proof and allowance of claims are two separate and distinct steps; that a clear statement of a claim in writing duly verified and filed with the referee, if made within a year, is sufficient to take the claim out of the statutory limitation, even though it may be allowed, or liquidated and allowed, afterwards.

We think that section 63b must be interpreted in the light of the other sections of the law and that to construe it as meaning that no proof of unliquidated claims can be filed until the precise amount due thereon is established will, in practical operation, make the allowance of such claims impossible, for the reason that a hostile trustee or creditor can easily delay the liquidation until after the expiration of the year. A more reasonable and sensible construction is that the filing of the proof, like the filing of a declaration at common law, if made within the time, takes the claim out of the statute of limitations, and that after such proof is made the claim is before the court to be dealt with as the interests of the bankrupt and the

creditors may require. No hard and fast rule can be made for the guidance of the referee in such matters; much is left to his discretion; and if the best interests of the estate require he may withhold action on the claim or postpone the dividend thereon until the status of the claim is fully determined.

These views are sustained by Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584; Dunbar v. Dunbar, 190 U. S. 340, 350, 23 Sup. Ct. 757, 47 L. Ed. 1084; Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Hutchinson v. Otis, 190 U. S. 555, 23 Sup. Ct. 778, 47 L. Ed. 1179; Buckingham v. Estes, 128 Fed. 584, 63 C. C. A. 20.

In Whitney v. Dresser the court decided that a proof of claim is prima facie evidence of its allegations in case it is objected to.

In Dunbar v. Dunbar the court, speaking of section 63b, says:

"Its purpose is to permit an unliquidated claim, coming within the provisions of 63a, to be liquidated as the court should direct."

It may be pertinent to inquire how a claim can be liquidated as the court shall direct unless a statement of the claim is filed with or brought to the attention of the court.

In Crawford v. Burke the court held that a debt originating in or founded upon an open account or upon a contract express or implied is provable though the creditor may have elected to bring his action in trover as for a fraudulent conversion instead of in assumpsit upon an open account.

In Hutchinson v. Otis a defective proof was amended more than a year after the adjudication. The court said:

"It is argued that the allowance of the amendment is within section 57n forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad. Sanger v. Newton, 134 Mass. 308. See In re Parkes, 10 N. B. R. 82, Fed. Cas. No. 10,754; In re Baxter (D. C.) 12 Fed. 72; In re Glass (D. C.) 119 Fed. 509.

"The proceedings remained in the District Court, notwithstanding the appeal, and the amendment properly was allowed there."

In Buckingham v. Estes the court held that a claim proven within the year is amendable after the lapse of the year.

The claim of the woolen company was founded upon an implied contract and it was proved within the year. In this connection it should be remembered that the injunction restraining the prosecution of the action against the trustee was not issued until August, 1904, leaving only about a month in which a claim could be filed against the bankrupts' estate. It is quite apparent, therefore, that if the claim of the woolen company was one which required liquidation there was insufficient time, if the trustee objected, to secure a liquidation prior to September 15, when the year expired.

We are, however, inclined to think under the facts shown that the claim was not unliquidated within the meaning of the act.

The strict rules of pleading applicable to the criminal or even to the common law is not required in proofs of claim. The proof in question alleged all the facts and stated the amount claimed with clearness and precision. The objection of the trustee did not dispute these facts or make any counter allegations. His pleading was in the nature of a demurrer. If he had denied that any damages had been sustained or if he had alleged that the amount as stated was inaccurate or excessive a different proposition would have been presented, but he did neither. On the contrary, as before stated, he expressly admitted that the amount was accurate and offered to allow the proof therefor if the claimant would abandon its claim of fraud. With the bankrupts, the claimant and the trustee all agreeing as to the amount it is not easy to perceive what was left for liquidation. In re Filer (D. C.) 125 Fed. 261.

So far as the question of amount is concerned it was as if the parties had stipulated the amount of the damages in open court.

The order appealed from is reversed with costs.