In re SALVATOR BREWING CO.

In re MEYER.

(Circuit Court of Appeals, Second Circuit. February 1, 1912.)

No. 74.

1. BANKRUPTCY (§ 308*)—CLAIMS PROVABLE—NOTES.

Directors of a bankrupt corporation were properly permitted to prove a debt on account of notes which they indorsed to relieve the company from pecuniary difficulties, which were discounted and the proceeds used by the corporation, and which were paid by the directors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 308.*]

2. BANKRUPTCY (§ 336*)—PLEADING—AMENDMENT—JUDICIAL DISCRETION.

It was discretionary with a federal District Court sitting in bankruptcy to permit an amendment conforming the proof concerning a claim to the rules and practice of the court; it being undisputed that the court's own records showed a valid claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

3. BANKRUPTCY (§ 328*)—CLAIMS—PROOF.

Under Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3443), the trustee of a claim, before proving a claim based on indorsement of notes for bankrupt, had a right to wait until the question as to who was entitled to security claimed by the indorsers was settled by litigation then pending.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Salvator Brewing Company, bankrupt. On petition to review an order of the District Court (188 Fed. 522), reversing an order of the referee and permitting John H. Meyer to file proof of debt. Affirmed.

Henry A. Rubino, for trustee in bankruptcy.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for claimant.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. [1] The Salvator Brewing Company was adjudicated a bankrupt on March 2, 1908. Prior to that time, in order to relieve the company from financial difficulties, the above named claimant, Meyer, and eight other directors, indorsed two promissory notes, for $4,500 and $18,000 respectively, which were discounted and the proceeds used in the business of the bankrupt. When the notes became due the nine directors paid the amount of the notes and now seek to prove their debt for the same against the estate of the bankrupt.

We think they should be permitted to do so for the following reasons:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

First. It is undisputed that the claim of Meyer is a just and honest one. This is expressly admitted in the appellant's brief as follows:

"We do not dispute, as stated by Judge Holt in the opinion, that the claim which is attempted to be proved in this case is entirely just."

He and his brother directors, nine in all, put $22,500 into the brewing company's treasury, and are as much entitled to reimbursement as if each had contributed $2,500 in cash. Nothing but a clear case of laches should defeat so just a claim.

Second. Meyer was clearly the representative of the other eight directors, employed by them to do all that was necessary to protect their rights. He was, in fact, their trustee, authorized to file a proof of debt and to take any other steps necessary to protect the rights of himself and his fellow indorsers.

[2] Third. The testimony taken in proceedings before the referee presented all the facts necessary to establish Meyer's claim. This was not in the shape of a formal proof, it is true, but it cannot be questioned that the records of the bankruptcy court contain proof that these directors have a valid claim against the estate. It was but a reasonable exercise of its discretion for the court to permit an amendment, conforming the proof to the rules and practice of the court; the fact being undisputed that its own records informed the court that a perfectly valid claim existed.

[3] Fourth. Under section 57n the trustee had a right to wait until the question as to who was entitled to the security claimed by the indorsers of the note was settled by the litigation then pending. The claim was proved within the statutory period thereafter. This is the view taken by Judge Holt, and it seems a reasonable one, as, until the question of security was disposed of, the court could not determine the amount which the indorsers should be permitted to prove.

We have no doubt that Meyer was the agent and trustee of the other directors and was authorized by them to do all that it was necessary for him to do to protect their interests. All the equities being in favor of the claim, the court should hesitate long before interpreting the law so strictly as to prevent it from being enforced according to its true intent and purpose.

The order of the District Court is affirmed with costs.