### In re BASHA et al.

#### (Circuit Court of Appeals, Second Circuit. December 9, 1912.)

#### No. 31.

BANKRUPTCY (§ 336*)—PROOF OF DEBT—AMENDMENTS—ALLOWANCE.

Where the court in bankruptcy proceedings ordered a sale of the bankrupt's estate on condition that the purchaser should pay to each unsecured creditor a specified per cent. of his claim, and the purchaser paid the money to the receiver, who turned the same over to the trustee, who declared a dividend to the unsecured creditors, to the exclusion of one on the ground that it had failed to prove its claim in bankruptcy within the statutory time, the court must permit the filing nunc pro tunc of an amended formal proof of the claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

In the matter of the bankruptcy of Tanius Basha and another, individually and as members of the firm of T. Basha & Son, bankrupts. There was an order of the District Court (193 Fed. 151) denying to the American Exchange National Bank the right to amend an informal proof of debt filed in the bankruptcy proceedings, and it appeals and files petition to revise. Order reversed, with instructions.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for appellant.

James F. McNaboe, of New York City, for trustee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. Although more than a year has elapsed since the adjudication, the appellant seeks to file an amended proof of claim. The chronology of the proceedings is as follows:

The petition in bankruptcy was filed July 27, 1909, and on the same day a receiver was appointed. On the 31st day of August, 1909, Daniel A. Shalvey made an offer in writing to the receiver,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whereby he proposed to purchase all the assets of the bankrupts and pay therefor all preferred debts and all expenses of the receivership and administration of the estate. He also agreed to pay to each unsecured creditor 12½ per cent. of his claim and to the receiver an equivalent percentage of the claims of all creditors who refused to accept the offer. The petition set out in detail the claim of the bank and was duly presented to the court.

On October 8, 1909, the court made an order permitting the sale by the receiver to Shalvey upon the terms stated. In other words, the court permitted the property to pass to Shalvey upon the express condition that he should pay, inter alia, 12½ per cent. of the bank's claim, which sum the receiver was obligated to pay over to the bank. Thereafter the money was paid to the receiver and the balance in his hands was turned over to the trustee, who declared a dividend to the other creditors, but has paid no part of the fund in his hands to the bank. His refusal to include the bank among the creditors was based upon its failing to prove its claim in bankruptcy within the year provided by the act. The bank thereupon petitioned for permission to file an amended formal proof conforming in all respects to the requirements of the law. The application was denied upon the ground that a year having expired, the court was without power to grant relief. We think the District Court applied too strict a construction to the law, the principal object of which is to divide the bankrupt's property equally among his creditors.

The court, by its order of October 8, 1909, expressly recognized the debt due the bank as one upon which the dividend of 12½ per cent. was to be paid, and upon the subsequent sale the receiver was paid by Shalvey an amount sufficient to pay 12½ per cent. thereof. If the bank's claim had not been presented to the court and recognized by it as being entitled to share in the amount paid, that amount would be less than it is by about $300. That sum was paid to the receiver, with the full approbation of the court, for the express and only purpose of paying the claim of the bank. To divide this money, which is in effect held by an officer of the court in trust for the bank, among the other creditors is, in our view, most inequitable. In such circumstances the failure to file a proof of debt was a pardonable mistake. All parties interested in the estate had agreed upon the amount of the debts and assets and with the consent of the court the creditors had agreed to receive 12½ per cent. in discharge of their debts.

Knowing all these facts, was not the bank excusable for not having filed a formal proof? We think it was, and that the court should have permitted it to be filed nunc pro tunc. No one will be injured by such a course and all the creditors will then receive the dividend which they expressly or inferentially agreed to take. These views are in accordance with our decisions in: In re Kessler, 184 Fed. 51, 107 C. C. A. 13; In re Salvator Brewing Co., 193 Fed. 989, 113 C. C. A. 626; In re Roeber, 127 Fed. 122, 62 C. C. A. 122; In re Mertens, 147 Fed. 177, 77 C. C. A. 473.

The order is reversed with costs and the District Court is instructed to permit the amendment as prayed for by the petitioner.