### In re McCARTHY PORTABLE ELEVATOR CO.

#### (District Court, D. New Jersey. June 20, 1913.)

1. BANKRUPTCY (§§ 328, 335*)—CLAIMS—ASSIGNMENT—FILING—REQUISITES—"CREDITOR."

Bankr. Act July 1, 1898, c. 541, § 1a, cl. 9, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3419), provides that the term "creditor" shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy. Section 57a declares that proof of claims shall consist of a written statement under oath signed by a creditor, reciting certain facts, and section 57n provides that claims shall not be provable subsequent to a year after adjudication. General order 21 (18 Sup. Ct. vii) provides that depositions to prove claims when made by an agent shall state the reason why they are not made by the claimant in person, and that claims assigned before proof shall be supported by the deposition of the owner, etc. *Held*, that such provisions contemplate proof of claims within a year after adjudication, and, if assigned before commencement of bankruptcy proceedings or after the claim is provable, that it shall be presented in the name of the owner at the time of making proof, supported by his oath or that of his agent, and if by the latter that proof shall show why it is not made by the claimant in person, and, if assigned after the commencement of the proceedings and before proof, it must also be supported by the oath of the owner at the time the proceedings were begun.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 518, 520; Dec. Dig. §§ 328, 335.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622, 7623.]

2. BANKRUPTCY (§ 336*)—CLAIMS—AMENDMENT—TIME.

Where a claim against a bankrupt filed within a year after bankruptcy stated only the true consideration of the debt, but proof was not made by the owner, and his agent who made the proof did not specify why it was not made by the owner, it was nevertheless sufficient to sustain an amendment filed after the year had expired so as to make the proof comply with the law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

In Bankruptcy. In the matter of the bankruptcy proceedings of the McCarthy Portable Elevator Company. The referee disallowed a claim filed by Joseph F. McKiernan for $1,076 for money advanced to the bankrupt, and he filed a petition for review. Reversed and remanded.

McDermott & Enright, of Jersey City, N. J., for Frederick C. Keeney, present claimant.

George H. Gilman, of New York City, for trustee.

RELLSTAB, District Judge. The claim in controversy was proved by Joseph F. McKiernan within the year after adjudication. On its face no one else had any interest in it. In the taking of testimony on objection to such claim, it appeared that Frederick C. Keeney had purchased it before such proof was made. The referee disallowed the claim on the ground that it had not been proved by the owner, as required by section 57a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443). He summarized the evidence underlying his order as follows:

"The testimony shows that McKiernan had a claim against the bankrupt for the sum mentioned in his proof of claim; that in the month of June, 1907, Frederick C. Keeney paid to him the amount of said claim, and that McKiernan at the same time gave to Keeney a receipt for the amount of said claim, stating that it was for the purchase of said claim; that it was then and there agreed, by and between the said McKiernan and Keeney, that McKiernan should prove the claim and file it with the referee, and account and pay over to said Keeney whatever he might receive on account thereof as dividends; that in accordance with such understanding between them said McKiernan filed his claim for $1,076 with the trustee. * * *"

In addition to the foregoing, the testimony discloses that the attorney who acted for McKiernan in the sale of such claim to Keeney subsequently became the trustee of said estate, and that he prepared the proof of the claim at the time it was presented to him as trustee. He therefore, as trustee, knew that McKiernan had no pecuniary interest in said claim, and that he in presenting it was acting in the interest of Keeney.

[1] The controversy involves the following provisions of the Bankruptcy Act and the general orders:

Section 1a, cl. 9:

"'Creditor' shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy."

Section 57a:

"Proof of claims shall consist of a statement under oath, in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor, and whatever any, and, if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor."

Section 57n:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication. * * *"

General Order 21:

"1. Depositions to prove claims against a bankrupt's estate * * * when made by an agent, the reason the deposition is not made by the claimant in person must be stated; * * *

"3. Claims which have been assigned before proof shall be supported by a deposition of the owner at the time of the commencement of proceedings, setting forth the true consideration of the debt. * * *

"5. The execution * * * of an assignment of claim after proof, may be proved or acknowledged before a referee, or a United States commissioner, or a notary public. * * *" (18 Sup. Ct. vit.)

[2] These provisions contemplate that the claim shall be proved within one year after the adjudication; that it may be assigned before

the commencement of the bankruptcy proceedings, or after the claim is proved; that it should be presented in the name of the owner at the time of making proof; that it should be supported by his oath, or that of his agent, and that when by the latter the deposition should show the reason why it was not made by the claimant in person; that if assigned after the commencement of such proceedings, and before proof, it should also be supported by the oath of the owner at the time such proceedings were begun, setting forth the true consideration of the debt. The proof of claim filed in this case ignored all but one of these requirements. Of the real facts surrounding such claim it disclosed only the true consideration of the debt. As Keeney became the owner of this claim after the commencement of the bankruptcy proceedings and before proof was made, it should have been presented in his name and supported either by his deposition or that of his agent. McKiernan, at the time he deposed to such claim, was in fact the agent of Keeney, and his deposition should have disclosed the change in ownership, and the reason why he, and not his principal, made the proof. Not having done so, is it too late to supply the required proof because more than a year has expired since the adjudication? The clause excluding claims not proved within the year applies only to an original filing. It does not prohibit the amending of a claim presented within such period. Hutchinson v. Otis, 190 U. S. 552, 555, 23 Sup. Ct. 778, 47 L. Ed. 1179. Amendments may be made at any time, if the claim proved presents, in substance, that which the amendment seeks to make effective. In re Mercur (D. C.) 116 Fed. 655, affirmed s. c., 122 Fed. 384, 58 C. C. A. 472. See, also, In re McCallum & McCallum (D. C.) 127 Fed. 768.

One, if not the main, object of the Bankruptcy Act is to secure equality of distribution of the bankrupt's estate among his creditors. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 361, 25 Sup. Ct. 443, 49 L. Ed. 790; In re J. M. Mertens & Co., 147 Fed. 177, 180, 77 C. C. A. 473; In re Basha & Son, 29 Am. Bankr. Rep. 225, 200 Fed. 951. The clause requiring the proving of claims within the year, while in the nature of a limitation upon the creditors' rights, is clearly intended to facilitate the liquidation of bankrupts' estates. To administer such estates, it is needful to know the amount of the claims that are to share the assets, and the year limit for proving such claims is primarily for such purpose. That it operates to exclude claims not proven within such period is but incidental. To refuse recognition of a meritorious claim, though filed within the prescribed year, because not presented by the then owner, is not justified by the language of such clause, and to do so would be to do violence to the spirit and purpose of the enactment. In the present case the claim proved disclosed its true nature and consideration. It having been filed within the year, it gave all the needed information to permit the carrying out of the primary purpose of the year's limitation. The trustee who prepared the proof of the claim knew that it was owned by the present claimant; and he knew what prompted the making of proof by the assignor, and that in presenting the claim he was acting as the agent for the present claimant. Keeney is but exercising the right of a principal to adopt the

act of his agent, and no good reason appears why he should not be permitted to do so.

The order of disallowance of his claim is reversed and the record remanded, with instruction to permit Keeney to file supplemental proofs, in the nature of an amendment to the proof of claim on file, that a formal compliance with the requirements of proof of claims assigned between the commencement of the bankruptcy proceedings and the making of proof thereof may be had.