In re LOUIS J. BERGDOLL MOTOR CO.

HARRIGAN v. BERGDOLL.

(Circuit Court of Appeals, Third Circuit. June 15, 1916.)

No. 2110.

1. BANKRUPTCY ⬅➡328—CLAIMS—ALLOWANCE.

Under Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 (Comp. St. 1913, § 9641), declaring that claims shall not be proved against a bankrupt estate more than one year after adjudication unless they are liquidated by litigation, and the final judgment is rendered within 30 days before or after the expiration of that time, then within 60 days after the rendition of such judgment, a creditor may, after a payment by the bankrupt had been adjudicated a preference, present his claim within 60 days though the judgment was rendered more than a year after adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. ⬅➡328.]

2. BANKRUPTCY ⬅➡311(1)—PREFERENCES—ALLOWANCE.

Under Bankr. Act, § 57, declaring that the claims of creditors who have received preferences shall not be allowed, unless such creditors shall surrender their preferences, a creditor who received a voidable preference may, after the preference is set aside, prove his claim, though he resisted suit to recover such preference, the original transaction being untainted by any fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497-499; Dec. Dig. ⬅➡311(1).]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the bankruptcy of the Louis J. Bergdoll Motor Company. The claim of Erwin R. Bergdoll was allowed, and Frank A. Harrigan, trustee, appeals. Affirmed.

J. Frederick Jenkinson and Frank A. Harrigan, both of Philadelphia, Pa., for appellant.

Henry J. Scott and Nicholas H. Larzelere, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This is an appeal by the trustee from the allowance of a claim against the bankrupt estate of the Louis J. Bergdoll Motor Company. The facts that gave rise to the original controversy are fully stated by Judge Woolley in Bergdoll v. Harrigan (C. C. A. 3d) 217 Fed. 943, 133 C. C. A. 615, and need not be repeated. In order to explain the present dispute, it is enough to say briefly, that an involuntary petition was filed against the Motor Company on March 17, 1913, and that an order of adjudication was entered on April 11. In October the trustee was authorized to sue Erwin R. Bergdoll to recover a preference of more than $31,000, and accordingly he brought the suit soon afterward and recovered a verdict in the spring of 1914. We affirmed the judgment in 217 Fed. 943, 133 C. C. A. 615,

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the Supreme Court was of the same opinion. Bergdoll v. Harrigan, 238 U. S. 609, 35 Sup. Ct. 663, 59 L. Ed. 1487. The decision of the Supreme Court was announced on April 26, 1915, and thereupon Bergdoll paid the judgment. On June 7, 1915, he offered a proof of claim, embracing the same debt ($31,270) that had been preferentially paid. The referee rejected the claim, but the District Court (Dickinson, J.) reversed this order and held that the proof should have been allowed. 230 Fed. 248. The question now presented is whether for any reason the claim was barred.

[1, 2] The trustee does not assert that the mere lapse of time was sufficient. It is true that more than a year had passed since the adjudication (section 57, cl. "n"); but as the litigation about the preference was not ended until April 26, 1915, and as the proof was offered within 60 days from that date, he concedes that the offer was in time. The decisions on this subject are collected in 1 Rem. Bkcy. (2d Ed.) §§ 717, 727½; Collier, Bkcy. (10th Ed.) 746; Black, Bkcy. § 526. And see Page v. Rogers, 211 U. S. 581, 29 Sup. Ct. 162, 53 L. Ed. 332, where the Supreme Court allowed a creditor "to prove his claim and to receive a dividend on it upon an equality with other creditors," although more than five years had passed since the adjudication. The sole ground of the trustee's objection is that the preferential payment was a fraud in which Bergdoll himself took part, and that such conduct affords an equitable reason for denying him the right to prove. It is contended that Keppel v. Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, inferentially supports this position, and one or two passages from the opinion are quoted to justify the argument. We do not so understand the reasoning of that case. The question submitted and answered in the affirmative was this:

"Can a creditor of a bankrupt who has received a merely voidable preference, and who has in good faith retained such preference until deprived thereof by the judgment of a court upon a suit of the trustee, thereafter prove the debt so voidably preferred?"

The ground of the decision is that, although the act declares in section 57 that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," Congress intended that such claims should be allowed, whether the surrender be voluntary or involuntary. We are now asked to hold that, although this may be true when the creditor has been preferred in good faith, it is not true when the preference has been brought about by fraudulent conduct in which he himself has taken part. We suppose that, when this proposition speaks of "good faith," it means a preferential payment honestly believed by the parties to be permitted, and that, when it speaks of "fraudulent conduct," it means a knowing and deliberate violation of the act. For the purposes of this appeal we assume that the preference now in question was fraudulent; the referee and the District Court have united in so holding, and we accept their finding. But it should be observed that this finding refers to the preference only, and that the preference no longer exists. In the last analysis, we are asked to punish a creditor whose debt was lawfully contracted, for the reason that he was guilty of fraud after-

ward in trying to secure an advantage. The subject-matter of the claim is money advanced by Bergdoll in January and February, 1913, in a bona fide effort to assist a failing business, and the trustee does not attack the innocence of these advances. He would make no objection to the proof if Bergdoll had not attempted in March to secure full repayment by fraudulent conduct. But the fraud has been defeated, the money thus obtained has been recovered, and Bergdoll is now no better off than he was when he tried to take advantage of the other creditors. Is he to be punished still further by the practical forfeiture of his debt? As it seems to us, the sufficient answer is the language of Keppel v. Bank, 197 U. S. 362, 25 Sup. Ct. 445, 49 L. Ed. 790:

"This would disregard the elementary rule that a penalty is not to be readily implied, and on the contrary that a person or corporation is not to be subjected to a penalty unless the words of a statute plainly impose it."

As the Supreme Court has shown, the Bankruptcy Act of 1898 contains no language forfeiting the whole or any part of an otherwise valid claim on the ground that the creditor has afterward been guilty of fraud, and (this being so) the courts have no authority to enlarge the statute by adding such a provision.

But what we have said must not be understood to embrace a debt that in itself is founded on fraud. Obviously both a debt and a preference may arise out of the same fraudulent transaction, or the debt alone may be fraudulent irrespective of the preference. Such a situation would present no difficulty, for a fraudulent debt is almost a contradiction in terms; in the eye of the law, it is really no debt at all (at least, as against bona fide creditors), and is therefore incapable of proof.

The order of the District Court is affirmed.

⬙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes