### In re AARONS.

(District Court, D. New Jersey. July 18, 1917.)

BANKRUPTCY ☞385—COMPOSITION—PROOF OF CLAIMS.

Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (Comp. St. 1916, § 9596), declares that, on a confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed, but, that when the composition is not confirmed, the estate shall be administered in bankruptcy as provided. The section, though requiring an examination of the bankrupt in open court, or at a meeting of his creditors, and the filing of schedule of his property and list of his creditors, does not require proof of claims. Section 57n (Comp. St. 1916, § 9641) declares that claims shall not be proved against an estate subsequent to one year after adjudication. *Held*, that such section obviously does not apply to compositions, and, the matter being left for bankruptcy court to determine in accordance with equitable principles, a creditor, listed as such, who did not prove his claim within a year, may thereafter apply to the court and participate in funds deposited with the clerk for composition, for, funds having been deposited by the bankrupt for payment of such claim, it would be manifestly inequitable to allow the bankrupt to defeat payment of the claim, because it was not proven.

In Bankruptcy. In the matter of the bankruptcy of Michael Aarons. Application of J. W. Sullivan & Co., a corporation, to participate in funds deposited for composition, notwithstanding petitioner's failure to prove its claim within one year from adjudication. Petitioner allowed to prove claim and participate in fund.

Bilder & Bilder, of Newark, N. J., for applicant.
Barney Larkey, of Newark, N. J., for trustee.

DAVIS, District Judge. An involuntary petition in bankruptcy was filed on March 4, 1915, against the bankrupt in the above-stated cause,

upon which he was adjudicated a bankrupt on the following day. On March 8, 1915, the bankrupt filed his schedules in bankruptcy, included in which was the claim of the said corporation, an unsecured creditor, for the sum of $542.54. The bankrupt made an offer in composition to his creditors of 40 per cent., 20 per cent. in cash and 20 per cent. in notes. A dividend of 20 per cent., declared by the referee March 19, 1915, did not include the claim of the corporation, because it did not prove its claim against the bankrupt within one year after the adjudication, assuming that, since this was a matter in composition and the offer of the bankrupt included the claim, the dividend, in accordance with the schedules and offer of the bankrupt, would be paid without the necessity of proving the claim. Sufficient money was deposited with the clerk to pay the per centum offered on this claim, as well as on others which were proved within the year after adjudication. The question to be determined is whether or not the failure to prove a claim included in the bankrupt's schedules, and not disputed, in a composition in bankruptcy, within one year from the adjudication, forfeits the right to share in the offer made by the bankrupt.

Neither the Bankruptcy Act nor the rules of this court in terms prescribe the time within which a claim must be proved in a composition case. The provision of section 57n of the act, it would seem, does not apply to composition cases. Section 12 of the act provides that:

"Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

In composition cases, the act provides certain things which must be done, such as examination of the bankrupt in open court, or at a meeting of his creditors, the filing of the schedule of his property and list of his creditors, etc.; but in such cases it has left to be administered by courts of bankruptcy, in accordance with equitable principles, many details, among which is the distribution of the consideration, composition fund, and proof of claims set forth in the schedules of the bankrupt.

In the absence of fraud or mistake, the bankrupt is bound by his schedules. There is no intimation of fraud or mistake in connection with the claim in question. It is not disputed by the bankrupt. One of the conditions upon which confirmation of the composition was made, and the passing of the estate back into the hands of the bankrupt, was the agreement of the bankrupt to pay 40 per cent. of the claim in question along with the other claims. The court recognized this claim and had all the essential elements thereof before it. The money with which to pay the same was deposited with the clerk of the court and is now in his hands. The bankrupt in effect says:

"True, I included this claim in my schedules, do not dispute its correctness, and agreed to pay 20 per cent. thereof in cash, and in consequence had my estate returned to me; but the claimant did not prove his claim within one year, and therefore I should not be compelled to pay it, although I made no such condition in my offer."

This would be most inequitable. It would doubtless be a better practice for the creditors to prove their claims, and to do so within one year; but as Judge Coxe in the case of In re Basha & Son, 29 Am. Bankr. Rep. 225, 200 F. 951, 119 C. C. A. 335, said with reference to a creditor in a similar situation:

"Was not the bank excusable for not having filed a formal proof? We think it was, and that the court should have permitted it to be filed nunc pro tunc."

The claim may be proved at this time, and payment will be ordered, in accordance with the application, upon filing of the claim.