## In re BAKER'S BAKING CO.

(District Court, E. D. Pennsylvania. January 15, 1923.)

No. 6230.

1. **Bankruptcy ⊗══328—Date of final judgment, and not date of receipt of mandate from appellate court, fixes time for proving claim liquidated by litigation.**

Under Bankruptcy Act, § 57n (Comp. St. § 9641), a claim liquidated by litigation must be proved within 60 days after final judgment, and not from the time mandate is received from an appellate court which rendered such judgment.

2. **Bankruptcy ⊗══328—Court is without discretion to extend time for proof of litigated claim.**

The court is without discretion to extend the time fixed by Bankruptcy Act, § 57n (Comp. St. § 9641), for making proof of claims liquidated by litigation.

3. **Bankruptcy ⊗══328—Suit by trustee to set aside mortgage is not filing of claim by creditor for unsecured debt.**

Commencement of suit of a trustee to set aside a mortgage as a fraudulent preference cannot be considered as the filing of a claim by the creditor which may be amended, after expiration of the year for presenting claims, to set up the claim as an unsecured debt, after final judgment setting aside the mortgage.

In Bankruptcy. In the matter of the Baker's Baking Company, bankrupt. On review of order of referee disallowing claim of the Dwelling Building & Loan Association. Affirmed.

H. Edgar Barnes, of Philadelphia, Pa., for trustee.

John C. Gilpin and Graham & Gilfillan, all of Philadelphia, Pa., for claimant.

---

⊗══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMPSON, District Judge. The Baker's Baking Company was adjudicated a bankrupt on May 15, 1918. The Dwelling Building & Loan Association held a mortgage of $30,000 upon the real estate of the bankrupt. On petition of the trustee, the real estate was sold December 5, 1918, free and clear of liens. The trustee filed a bill in this court to declare the mortgage null and void as in fraud of creditors, and a decree was entered August 18, 1919, after hearing on pleadings and proofs adjudging the mortgage fraudulent, null, and void as to all of the amount thereof in excess of $8,350.09. On March 12, 1920, this decree was affirmed by the Circuit Court of Appeals. An appeal taken to the Supreme Court of the United States upon June 1, 1921, was dismissed for want of jurisdiction. The mandate from the Supreme Court, however, was not filed in the Circuit Court of Appeals until July 21, 1921. Upon September 20, 1921, a proof of unsecured claim in the sum of $21,649.91 was made and filed with the referee. On October 4, 1921, the Circuit Court of Appeals issued its mandate to the District Court.

[1] Upon objection by the trustee to the allowance of the claim, the referee ordered that it be stricken from the files. The referee was of the opinion that under section 57n (Comp. St. § 9641), barring proof of claims liquidated by litigation after 60 days from the date of rendition of final judgment, as interpreted in Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, the proof was not filed in time, upon the ground that the date of final judgment in the litigation involving the validity of the mortgage was June 1, 1921, when the appeal to the Supreme Court was dismissed by that tribunal for want of jurisdiction, and not the date when the mandate from the Supreme Court was filed in the Circuit Court of Appeals, July 21, 1921, or the date of the issuance of the mandate of the Circuit Court of Appeals to the District Court. I agree with this conclusion of the referee. Polleys v. Black River Improvement Co., 113 U. S. 81, 5 Sup. Ct. 369, 28 L. Ed. 938; In re Bergdoll Motor Co., 233 Fed. 410, 147 C. C. A. 346; U. S. Supreme Court Rule 39 (32 Sup. Ct. xiv); rule 30, C. C. A. 3d Circuit (224 Fed. xix, 137 C. C. A. xix).

[2] That the prohibition of section 57n leaves the court no discretion to extend the time is undoubted. Bray v. Cobb (D. C.) 100 Fed. 270; In re Paine (D. C.) 127 Fed. 246; In re Muskoka Lumber Co. (D. C.) 127 Fed. 886; In re Sanderson (D. C.) 160 Fed. 278.

[3] It is urged on the part of the petitioner that the referee should have regarded the claim filed September 20, 1921, as an amendment of an informal claim proved within the year. The record, as certified, bears no evidence of a claim having been presented, filed, or proved in the bankruptcy proceedings within the year after adjudication. The proof of claim filed sets up as an unsecured debt the amount which was held in the equity suit to have been an attempted unlawful preference in fraud of creditors, and reference is made to the record in the bankruptcy proceedings, and the record of the District Court, the Court of Appeals, and the Supreme Court.

Where an informal claim has been presented within the year in the bankruptcy proceedings, proof of which has been informal, but has

contained the substance of the claim, the courts have been liberal in allowing amendments to prevent hardship. In re Fairlamb (D. C.) 199 Fed. 278; In re Basha, 200 Fed. 951, 119 C. C. A. 335; In re Salvator Brewing Co., 193 Fed. 989, 113 C. C. A. 626. And in some cases, where the claim has been liquidated in the bankruptcy proceedings, the litigation before the referee has been regarded as a claim upon which a formal liquidated claim may be presented as an amendment after the expiration of the year. Buckingham v. Estes, 138 Fed. 584, 63 C. C. A. 20.

Section 57n, however, distinguishes in its terms between the proof of claims and liquidation of claims by litigation. In the case of Buckingham v. Estes, supra, and similar cases cited by counsel for the petitioner, the assertion of the claimant's right was in the bankruptcy proceedings, and the informal claim and the liquidation by litigation were therefore identical. In the present case, the liquidation by litigation upon which final judgment was rendered was no part of the bankruptcy proceedings, and therefore was not a proof of claim before the referee, which is subject to amendment.

There being no power in the court to extend the time for filing an original proof of claim beyond the 60 days after the final judgment in the Supreme Court, and no claim appearing by the record to have been presented to or filed with the referee within the year which can be amended, the contention of the petitioner cannot be sustained.

The order of the referee is affirmed, and the petition dismissed.