### In re COLEMAN & TITUS CORPORATION.

#### Petition of MANSFIELD PAINT CO., Inc.

(District Court, N. D. New York. January 21, 1923.)

Bankruptcy ⊙⟶328—Court may permit filing of claim nunc pro tunc after expiration of year.

Where a creditor appeared by attorney and participated in creditors' meetings and in a suit by the trustee against the creditor, it was assumed by both parties that a claim had been filed by the creditor, and the suit was settled on that assumption, but it afterward appeared that through inadvertence a formal claim had not been filed, the court has power to permit it to be filed nunc pro tunc, though the time fixed for filing claims has expired.

In Bankruptcy. In the matter of the Coleman & Titus Corporation, bankrupt. On application by the Mansfield Paint Company, Inc., to file amended formal proof of claim nunc pro tunc. Leave granted.

Leslie H. Baxter, of Endicott, N. Y., for trustee.

Moe Goldstein, of Binghamton, N. Y., for petitioner.

COOPER, District Judge. Application is made to file amended formal proof of a claim against the bankrupt estate nunc pro tunc. The petitioner, the Mansfield Paint Company, Inc., secured judgment against the bankrupt for the sum of $1,411.24, in October, 1921, and in addition thereto had a claim upon an open account amounting to some $600.

The Coleman & Titus Corporation was adjudicated a bankrupt on November 30, 1921, and immediately thereafter an order was made restraining the sheriff of Broome county from selling the property of the bankrupt, which had been seized under execution issued upon said judgment and advertised for sale. At the first meeting of the creditors, the petitioner appeared by his attorney, and his appearance was duly noted, and he participated in the election of a trustee.

The trustee brought an action against the petitioner to recover certain merchandise alleged to have been taken within four months preceding the filing of the bankruptcy petition, and after various motions had been made this suit was discontinued on stipulation on October 26, 1922. The trustee and his attorney had various conferences with the attorney for the petitioner, and it was assumed at all times that a formal claim against the bankrupt estate had been filed.

On December 23, 1922, a final meeting was had and a dividend of 14 per cent. was declared, when it was learned for the first time that petitioner had filed no formal claim. The attorney for the petitioner stated that he was under the impression that a formal claim had been filed, and that was the reason the suit (which had been begun by the trustee against the petitioner) was settled, without costs, and the attorney thereupon requested that the declaration of the dividend be held over until the determination of a motion to be made to the court, asking permission to file a formal claim nunc pro tunc. This request was immediately denied. No dividend was declared on petitioner's claim, but the other creditors did receive a dividend. The petitioner, through his attorney, made an affidavit the same day, and within three days obtained an order to show cause, which is the basis of this application.

Although the provisions of the statute (see Bankruptcy Act, § 57n [Comp. St. § 9641]), which is a statute of limitations, require that claims must be filed within one year after adjudication, nevertheless the courts have endeavored to relieve claimants against the severity of this rule, and have mitigated it in favor of creditors who are not to blame for the delay. In the language of In re Basha, 200 Fed. 951, 119 C. C. A. 335:

"In such circumstances the failure to file a proof of debt was a pardonable mistake, * * * no one will be injured by such a course [permitting a claim to be filed nunc pro tunc], and all the creditors will then receive the dividend which they expressly or inferentially agreed to take."

See, also, In re Kessler, 184 Fed. 51, 107 C. C. A. 13; In re Salvator Brewing Co., 193 Fed. 989, 113 C. C. A. 626; In re Roeber 127 Fed. 122, 62 C. C. A. 122; In re Mertens, 147 Fed. 177, 77 C. C. A. 473.

In view of the fact that the attorney for the petitioner was refused the opportunity of presenting this matter to the court, before the dividends were paid, and his claim should be paid, the attorney for the trustee should be penalized by requiring him to bear the burden of such payment, and the sum of $266, being 14 per cent of the claim of the petitioner, will be deducted from his fees, if there is no other money available.

An order may be entered to conform herewith.