## In re PATTERSON–MacDONALD SHIPBUILDING CO.

(District Court, W. D. Washington, N. D.   June 12, 1923.)

No. 6361.

1. **Bankruptcy ☞336—Proof of claim allowed to be "amended," when enough in original by which to amend.**
   Courts are liberal in allowing proofs of claim to be "amended," and amendment should be allowed when there is enough in the original by which to amend (quoting 1 Words and Phrases, First Series, "Amend").

2. **Bankruptcy ☞336—A letter held not a proof of claim permitting amendment.**
   A letter of lessor to trustee, calling attention to the fact of taxes on land leased to bankrupt, and taken possession of by trustee, not having been paid, and asking to be advised in the next few days that they have been taken care of, "as we cannot permit this matter to go delinquent any longer," held not a proof of claim, substance and form of which are prescribed by Bankruptcy Act, § 57a (Comp. St. § 9641), and General Order in Bankruptcy No. 21 (230 Fed. v), respectively, and so not amendable as such.

In Bankruptcy.   In the matter of the Patterson-MacDonald Shipbuilding Company, bankrupt.   On review of order of referee denying petition of creditors, including a claim as to certain taxes.   Order sustained.

See, also, 284 Fed. 281.

August 20, 1920, the following letter was mailed to the trustee by the creditors:

"We had occasion to inquire relative to the real estate taxes for the year 1919, and find that the King county treasurer's records show that these taxes have not been taken care of by the Patterson-MacDonald Shipbuilding Company for any portion of the 1919 taxes.   We find that the taxes on part of government lot 4, west of the East Marginal way, amount to $7,619.69.   The taxes on portion of government lot 3, west of East Marginal way amount to

$308.63. As one-half of the above amounts was not paid previous to May 31st, the full amount is now drawing interest at 12 per cent. per annum, which at the present writing would add about 3 per cent. to the amount of the taxes. The treasurer's records show that tax statements were sent to Patterson-MacDonald Shipbuilding Company, as they have done in former years, and no doubt they were received. However, we secured new statements and are forwarding these herewith for your prompt attention. We trust that you will advise us within the next few days that these taxes have been taken care of, as we cannot permit this matter to go delinquent any longer."

The letter was· not answered. The time to file claims against the bankrupt estate expired March 30, 1921. No claim was filed by the petitioning creditors, other than the above letter. The trustee took possession of the leased premises March 21, 1920, and surrendered possession June 30, 1921. The amount of rental due from the trustee for the use of the premises was finally determined November 14, 1922. In April, 1921, the trustee said that he would pay an amount for rent which would include payment of the taxes in issue, but no agreement was executed nor approved by the referee. The allowance to the creditors of rental for the use of the premises does not include the taxes referred to in the letter. The trustee did not file the letter as a claim against the estate. The lease between the bankrupt and the petitioning creditors contained a clause requiring the bankrupt to pay the annual taxes on the leased premises, and contained also a provision that upon nonperformance of any of the conditions of the lease the petitioners might repossess themselves of the premises. No representations were made or acts done by either party which had any bearing upon the filing or nonfiling of the claim against the estate by the petitioners; that on petition being presented, requiring the trustee to pay the taxes for 1919, the trustee denied assuming the lease, and on the said issue being tried the referee held in favor of the trustee, but awarded to the petitioners a reasonable sum for the use thereof while in the possession of the trustee; that no review of the referee's order was sought. The petitioners contend that the writing of the letter was the presentation of a claim which they now seek to amend, and that in any event the amended claim was tendered within 60 days after the order of the referee fixing the reasonable compensation for the use of the premises, and denying that the trustee assumed the lease.

Bronson, Robinson & Jones, of Seattle, Wash., for trustee.

Kerr, McCord & Ivey, of Seattle, Wash., for claimant and petitioners.

NETERER, District Judge (after stating the facts as above). I think the last statement can be dismissed with the suggestion that it is inconsistent with the amended claim tendered, and likewise with the claim which it is sought to establish, and is not consistent with the issue that was determined by the referee, and the claim is not within the scope of section 57a, Bankruptcy Act. Section 57a, Bankruptcy Act, provided that:

"Proof of claims shall consist of a statement under oath, in writing signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor, and whether any, and, if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor." Comp. St. § 9641.

General Order No. 21 of the Supreme Court Rules (230 Fed. v) provide for the form of proof.

[1] Courts are liberal in allowing proofs to be amended, and, when there is enough in the "original by which to amend," should be allowed. In re Central Planing Mill, 200 Fed. 229, 118 C. C. A. 415.

"The word 'amended' came into our language from the French 'amender,' the root of the parent word being 'menda,' signifying a fault, and in its comprehensive sense meaning to better, and it is sometimes defined as meaning 'to make better,' or to change from bad for the better, and 'amend' is defined by Webster as meaning to change in any way for the better by substituting something always in the place of what is being removed. * * * Diamond v. Williamsburg Ins. Co., 4 Daly, 494, 500." Words and Phrases, First Series, p. 368.

[2] The proof, required by the Bankruptcy Act, is the perfection by legal evidence and must be in substantial compliance with section 57a, supra, and General Order No. 21. The letter does not meet the requirement. It has none of the essentials required by this section, and upon its face exposes a manifest purpose other than to share in the distribution of the liquidation of the assets of the estate. It was to require the payment of taxes in full, or I think, the intimation follows that the penalty or default for violation of the condition of the lease would be invoked. I do not think that In re Baker Baking Co. (D. C.) 285 Fed. 652, or In re Coleman & Titus Corp. (D. C.) 286 Fed. 303, cited by the petitioners have any bearing upon the issue presented here, and all of the other cases are in harmony with what is here said.

The order of the referee is sustained.