In re UNITED CIGAR STORES CO. OF AMERICA et al.

NEW YORK LIFE INS. CO. et al. v. IRVING TRUST CO. et al.

No. 271.

Circuit Court of Appeals, Second Circuit.

Feb. 11, 1935.

Harry H. Bottome, of New York City (Mendes Hershman and John Jay Buckner, both of New York City, of counsel), for appellant New York Life Ins. Co.

William F. Columbus, of New York City, for appellant County Treasurer.

Milbank, Tweed, Hope & Webb, of New York City (William L. King, Jr., and Samuel Ross Ballin, both of New York City, of counsel), for appellee Lawrence H. Dilworth.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The United Cigar Stores Company of America was adjudicated a bankrupt August 29, 1932, and the Irving Trust Company qualified as trustee. The bankrupt's liabilities included an obligation to pay taxes on property located in Chicago, Ill., which the bankrupt, at the time of its adjudication, held as lessee under a written lease dated August 21, 1922; Henry J. Sontag and others, as trustees under a decedent's trust estate, were the lessors named in the lease. By a clause of the lease, the bankrupt agreed to pay all taxes and assessments, general and special, which might be levied or assessed upon the demised premises during the term of the lease, with certain exceptions. Another provision of the lease provided that the taxes, assessments, and other impositions shall be paid by the lessee in the name of the said lessors within "time to prevent any sale or forfeiture thereof, or any part thereof." The lessee covenanted and agreed to deliver to the lessors from time to time duplicate receipts showing the payment of all taxes, assessments, and other impositions "within thirty (30) days after the respective payments evidenced thereby." The bankrupt failed to pay taxes for the years 1928, 1929, 1930, and 1931, and, when a petition in bankruptcy was filed, the taxes were due and payable.

February 21, 1933, Henry J. Sontag and others filed a proof of claim in the bankruptcy proceedings against the bankrupt estate wherein they claimed to be creditors of the bankrupt to the extent of the unpaid taxes then due and owing by the bankrupt under the terms of the lease. The claims were allowed in a reduced sum of $19,765.15. A first dividend of 20 per cent. was paid, and a second of 25 per cent., declared, remains unpaid. September 8, 1933, Sontag and the other trustees, assigned their claim to Lawrence H. Dilworth who, after notice, on October 10, 1933, to the referee, received the first dividend. Before the payment of the second dividend, this motion was made and an order entered from which this appeal is taken.

The question presented on this appeal is whether a bankruptcy court has jurisdiction to hear and determine the rights of persons to a debt already allowed by the court, where the court has possession of the bankrupt's funds and jurisdiction over all the persons involved.

Appellant Nash presents his claim as a third party beneficiary of a contract between the bankrupt and the owners of the property. The appellant New York Life Insurance Company rests its claim on the prior assign-

**292**

ment of the lessors' interest in the lease; that the claim allowed Sontag and others under the contract between the bankrupt and them belonged to it. The appellants do not move for leave to file proofs of claims. But they ask to have the bankruptcy court settle the dispute as to which is entitled to the claim allowed and the dividends to be paid. The claim has already been allowed, and the appellants ask the bankruptcy court to substitute the rightful owners of that claim for one who has a colorable title thereto.

It is the purpose of the Bankruptcy Act (11 USCA) to secure equality of distribution among the creditors of the bankrupt. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; In re McCarthy Portable Elevator Co. (D. C.) 205 F. 986, 988. The bankruptcy court has jurisdiction to determine who the claimants are and the amounts of their claims. The liability of the bankrupt for the taxes in question is not questioned, and the sole question is who is the creditor. The bankruptcy court may determine that question, and may, in furtherance of justice, substitute the real creditor for the apparent one. In Re Roeber, 127 F. 122 (C. C. A. 2), an amendment of the proof of claim was allowed, the court saying that the bankruptcy court has the usual powers of a court of equity, upon a motion and for good cause, to allow amendments where there is no doubt that the amount claimed is justly owing from the bankrupt and an amendment would be in furtherance of justice and within the legitimate exercise of the power of amendment, under the authorities. It was stated in Re McCarthy Portable Elevator Co., supra, that the requirement that the claims be proved within a year was intended to facilitate the liquidation of bankrupt estates, and it was said:

"To refuse recognition of a meritorious claim, though filed within the prescribed year, because not presented by the then owner, is not justified by the language of such clause, and to do so would be to do violence to the spirit and purpose of the enactment. In the present case the claim proved disclosed its true nature and consideration. It having been filed within the year, it gave all the needed information to permit the carrying out of the primary purpose of the year's limitation."

In Re Levinson, 1 F.(2d) 851 (C. C. A. 9), the court permitted the real party in interest to be substituted after the time for filing claims had expired.

Whether either of the appellants is the real party in interest is a matter which the bankruptcy court of first instance must decide. The claim having been allowed, distribution amongst the other creditors need not be delayed, since it is not the validity of the claim which is in dispute, but only who is the rightful owner of the claim. Only the rightful and beneficial owner of the claim is the creditor, and it is the duty of the court to see that only such creditor is paid the claim. Bankruptcy Act, § 2 (6), 30 Stat. 545, 11 USCA § 11 (6).

The determination below was based upon the lack of jurisdiction to determine the question of ownership of the claim as allowed; the court would not take jurisdiction to pass upon the merits of the claims of the respective appellants who made claim thereto. In this we think the court erred. Jurisdiction existed in the bankruptcy court to inquire into the ownership. Since the claim was filed within six months and allowed by the bankruptcy court, at any time before this payment it was competent for the court to determine who was the true owner thereof.

We do not say either appellant has a superior right or claim to the appellee; that is for the court below to answer.

Order reversed.