The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The Bankrupt Act
 
 *
 
 provides for an adjudication of involuntary bankruptcy upon the petition of one or more creditors, the aggregate of whose debts provable under the act amounts to at least $250. It becomes necessary, therefore, to ascertain what constitutes a debt that may be proved. The plaintiff in error contends that it is limited to the principal of a sum of money owing, while the assignee claims that it includes the principal and all accrued interest.
 

 To determine this question we must look in the first place to the act itself. If the intention of Congress is manifest from what there appears we need not go further. Section nineteen provides “ that all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, and all debts then existing but not payable until a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the bankrupt.” And again, “ all demands against
 
 *156
 
 the bankrupt, for or on account of any goods or chattels wrongfully taken or withheld by him, may be proved and allowed as debts to the amount of the value of the property so taken or withheld, with interest.”
 

 There is certainly nothing here which in express terms excludes interest from the provable debt. On the contrary there is the strongest implication in favor of including it.
 

 The object is to ascertain the total amount of the indebtedness of the bankrupt at the time of the commencement of the proceedings, and also the amount of this indebtedness owing to each one of the separate creditors. Accrued interest is as much a part of this indebtedness as the principal. It participates in dividends, when declared, precisely the same as the principal. One has no preference over the other, and for all the purposes of the settlement of the estate the bankrupt owes one as much as he does the other. Creditors prove their debts in order that they may participate in the management and distribution of the estate. Their influence in the management and their share on the distribution depend upon the amount of their several debts which have been proven. Hence, in order to fix the equitable representative value of a debt not due, provision is made for a rebate of interest. But if interest is to be rebated on debts not due, why not upon the same principle add it to such as are past due?
 

 The provision for adding interest to the value of goods wrongfully taken and converted is equally significant. Certainly no good reason can be given for withholding interest in cases arising upon contract and allowing it in cases of tort, and because it is expressly given in the last and no provision is made for it in the first, the conclusion is irresistible that it was expected to follow the contract as a part of the obligation.
 

 We
 
 are all, therefore, clearly of the opinion that accrued interest constitutes part of a debt provable against the estate of the bankrupt, and if it does it is necessarily part of a debt which may be used to uphold involuntary proceedings, [t is only necessary, upon this point of jurisdiction, that the
 
 *157
 
 petitioning creditors should have owing to them from the debtor they wish to pursue, debts provable under the act to the required amount. The English cases referred to in the argument, in our opinion, have no application here. They are founded upon the English statutes and the established practice under them. Our statute is different in its provisions and requires, as we think, a different practice.
 

 This is conclusive of the case. The petition filed in the bankrupt proceedings distinctly averred that the debts due the petitioner exceeded the sum of $250; and, if interest is added, the particular indebtedness specified amounts to more than that sum. The court found this allegation true. That finding is conclusive in a collateral action. We have so decided in
 
 Michaels
 
 v.
 
 Post
 

 *
 

 at the present term. Where the record shows jurisdiction, an adjudication-of bankruptcy can only be assailed by a direct proceeding in a competent court. Evidence, therefore, to show that payments had been made which reduced the indebtedness below the required amount was inadmissible under any form of pleading in an action like this, but it was especially so in this case, because there is no averment in the pleadings contradicting the record. The sole objection is that upon the face of the record the error is apparent. A record cannot be impeached without previous notice by proper form of pleading.
 

 Judgment aeeirmed.
 

 *
 

 Section 39,
 

 *
 

 21 Wallace, 398.