BRAY et al. v. COBB et al.

(District Court, E. D. North Carolina. March 15, 1900.)

1. BANKRUPTCY—PROVABLE DEBTS—RENT TO ACCRUE.

A contract by which the one party agrees to pay to the other a fixed sum per month as rent for a building occupied by the former, to continue during his lifetime, is terminated by the adjudication of the lessee as a bankrupt; and the lessor has no provable claim against the bankrupt's estate for the rent which would have accrued under the contract after the date of the adjudication.

2. SAME—OCCUPATION OF PREMISES BY TRUSTEE.

A trustee in bankruptcy may continue to occupy and use, for the benefit of the estate, premises which the bankrupt held under a lease at the time of his adjudication in bankruptcy, and the landlord will be entitled to compensation for such use of the premises by the trustee; the amount thereof being chargeable as part of the expenses of administering the estate.

3. SAME—PROOF OF DEBTS—LIMITATION OF TIME.

Bankr. Act 1898, § 57n, providing that claims against a bankrupt's estate, except such as are liquidated by litigation, "shall not be proved subsequent to one year after the adjudication," is an absolute prohibition against the proof and allowance of such claims when presented after the expiration of the year.

4. SAME—PROVABLE DEBTS—ANNUITY.

Where the bankrupt, in consideration of the conveyance to him of certain real estate and the settlement of certain claims, had executed a bond conditioned to pay to the grantor the sum of $25 per month during the latter's life, *held*, that the creditor might prove a claim against the bankrupt's estate for any sum in arrear at the date of filing the petition in bankruptcy, but not for the aggregate of payments thereafter to accrue, as estimated on the basis of her expectation of life, since such future payments do not constitute a "fixed liability absolutely owing at the time of the filing of the petition," within the meaning of Bankr. Act 1898, § 63a, cl. 1.

In Bankruptcy. On review of decision of referee in bankruptcy.

E. F. Aydlett, for claimant.

G. W. Waed, for trustee in bankruptcy.

PURNELL, District Judge. On petition of the trustee, the referee certifies for review the following record:

"Geo. W. Cobb, and B. M. Culpepper, surety, executed a bond in the sum of three thousand dollars, on the 28th day of April, 1897, to Maria C. Cobb, the terms of which are as follows: (1) To pay her, Maria C. Cobb, twenty-five dollars ($25.00) per month during her life; (2) to pay twelve dollars and fifty cents rent monthly for the bank building during Geo. W. Cobb's life; (3) to pay the taxes upon the property during Mrs. Cobb's life; (4) to keep the property insured; and (5) to keep the property in repairs. Geo. W. Cobb failed in October, 1898, and since the 1st of October, 1898, nothing has been paid on the contract marked 'Exhibit A' in the evidence. Mrs. Cobb is fifty years of age; Geo. W. Cobb is fifty-six years of age; and, as provided in section 1352 of the Code of North Carolina, Mrs. Cobb's expectancy is $20^9/_{10}$ years, and G. W. Cobb's expectancy is $16^7/_{10}$ years. M. B. Culpepper, the surety on the bond, is insolvent. The contract is for value. The amount admitted to be due on this contract from October 1, 1898, at which time the payments stopped, to February 1, 1900 (16 months), amounts to four hundred dollars. There is due for rent twelve dollars and fifty cents per month, which amounts to two hundred dollars. There is to be credited upon these amounts $81.25,

rents paid, and monthly payments of twenty-five dollars to Maria C. Cobb, leaving due $618.75. And the court further finds that Mrs. Cobb is entitled to prove her claim in the case of Cobb, bankrupt, for two thousand seven hundred and eighty dollars and twenty-three cents ($2,780.23), being the amount allowed as the value of her contract under the agreement to pay her twenty-five dollars per month during her lifetime, and the sum of one thousand and two dollars ($1,002.00) is the amount allowed her for the rent of the building during Geo. W. Cobb's lifetime, making a sum total of $3,782.23. $518.75 is the amount due up to February 1, 1900, as covered by the contract, which, together with the other two items, makes a sum total of $4,300.98, and for this amount she will be allowed to prove her claim against the estate of Geo. W. Cobb, bankrupt."

To this record and decision several exceptions are filed, most of which it will not be necessary to consider, as the decision of the main question involved disposes of them. They will be noticed later, however.

The record presents one of those hardships of the law which often occur, and sometimes, by appealing to the sympathies, always enlisted for the unfortunate, the widow, and the orphan, make it hard to decide impartially. That this seems to have been the case on the hearing is a credit to the humanity and kindly feeling of all who participated. It is stated that the claimant and her children signed receipts for seven thousand dollars, and conveyed valuable real estate, as a consideration for the contract upon which the claim under consideration was allowed. This statement, while it presents the hardships to them, is but another case in which, trusting to a man then in apparent prosperous circumstances, honorable, and of excellent report among men, business reverses, failure, and bankruptcy have come, and rendered him unable to perform his contract, entered into with the highest motives and purposes,—a misfortune to him which must fall heavily upon others (creditors with whom he treated and traded at arm's length, as well as the unfortunate widow and orphan, who gave him their confidence). The consideration for the claim, though, cannot enter into the decision of the case at bar. The court must consider the contract and its status under the bankrupt law,—a law under which all creditors of the bankrupt have well-defined rights.

This is an involuntary proceeding, and the claim, if claim at all, in the enumeration of claims or debts which may be proved in bankruptcy, must be considered under section 63a, subd. 1: "A fixed liability as evidenced by a judgment or instrument of writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not," etc. The provision requires the debt to be absolutely owing, and includes those debts which are payable at a subsequent date. It is sufficient if the debt is a fixed liability absolutely owing when the petition in bankruptcy was filed. It is the actual value of the debt owing at the commencement of the proceedings that is provable. In re Bartenbach, Fed. Cas. No. 1,068; In re Haake, Fed. Cas. No. 5,883; In re New Brunswick Carpet Co. (D. C.) 4 Fed. 514. The liability must be ascertained at the date of filing the petition. Accrued interest is a part of the debt provable, but interest to accrue is not provable. Sloan v. Lewis, 22 Wall. 150, 22 L. Ed. 832.

The basis of the claim is a contract, with security to pay certain sums of money for certain·stated purposes, and must be considered as a contract, without giving it any greater dignity than that to which it is entitled as a contract. The surety is admittedly insolvent, and the fact that there was a surety does not give to the contract any priority or special dignity. The covenants of the contract are that the bankrupt shall pay to claimant during her life the sum of $25 per month—$12.50 per month as rent for the bank building, formerly occupied by the bankrupt—during the life of the said G. W. Cobb, bankrupt. An adjudication in bankruptcy terminates all contractual·relations of the bankrupt. The object of the proceeding is to administer completely the bankrupt estate, to collect his assets, apply them to the payment of his debts then owing, and discharge him from further liability.

As to the rent of the bank, the contractual relations being terminated, a landlord is not entitled to prove a claim for rent against a bankrupt after such bankrupt ceases to use the building. The relations of landlord and tenant are severed by operation of the bankrupt law. The trustee of his estate may, after adjudication, occupy and use the rented or leased premises for the estate, but under such circumstances it would be chargeable to the estate, not as rent under bankrupt's contract, but as cost and expenses of administering the same. If the trustee elects to reject the lease, and surrenders the premises, neither the trustee nor the bankrupt's estate is liable for rent after the election of the trustee, and the property ceased to be used for the administration of the estate. Even of a lease which might be levied on and sold under judicial process against the bankrupt previous to adjudication, and which passes to the trustee, the legal title only passes, and the trustee is not bound to take the lease, and charge·the estate with the payment of rent. He may elect not to take the lease when it would be a burden, and not a benefit, to the estate. Loveland, Bankr. § 165, and cases cited. It does not appear whether the trustee used the bank or not. If he did not, his election not to assume the lease may be presumed, and the inference from the testimony is he did not, especially as there was no necessity for such use. If he did so use the bank, he or the estate would be chargeable with the rent for the time it was used. The same reasoning and authorities would apply to the other covenants, as to taxes, insurance, and repairs.

Section 57n provides that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, or if they are liquidated by litigation, and the final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days after the rendition of such judgment." This section is more than a limitation of the time within which claims may be proved. It is a prohibition. "Claims shall not be proved against a bankrupt's estate subsequent to one year," was intended to limit the time absolutely, and the reasons for thus limiting the time may be seen from an examination of other sections. A discharge must be applied for within 12 months (or one year), except for cause shown. Section 14. The general purpose of the act

seems to be to settle the estate in bankruptcy within a reasonable time.

The petition in bankruptcy was filed November 30, 1898, and on December 30, 1898, George W. Cobb, and George W. Cobb, as surviving partner of Guirkin & Co., was adjudged a bankrupt. (D. C.) 91 Fed. 102. The claim under consideration seems to have been filed on or about the 1st of February, 1900, then as an unregistered contract or lease. The section quoted seems to be a prohibition against its being proved or allowed to be proved, if the dates which appear of record are correct.

Supposing a year has not elapsed, it may be as well to consider and pass upon the claim on its merits. The contract seems to be a fixed liability under an instrument of writing, as provided in the act (section 63a, subds. 1–4),—an express contract,—but the section first quoted expressly limits the claim to be proved to the amount absolutely owing at the time of filing the petition. Force must be given to all the words used in the statute, and the words "absolutely owing" can bear but one construction. True, the contract provides for the payment of an annuity of $300 per year,— $25 per month during the life of Mrs. Cobb. The contract or agreement seems to have been the result of some contention or chaffering about certain payments claimed by Cobb to have been made, and disputed by his wards. The agreement is in the form of a bond for $3,000, but the parties do not file their claim for the penalty of the bond, but, as will be seen, base it solely on the mortality tables of the state, calculate the claim accordingly, and are allowed to prove a claim of $4,300.98. In other words, the claim is based on the condition or contractual part of the agreement, and not upon the bond. What was absolutely owing? This is the test.

By no process of mathematical and metaphysical reasoning known to the court could claims coming due monthly, as time progressed, be considered in the class of debts or claims "absolutely owing," under the section quoted. It is true a mathematical equation might be made, if the absent element of time could be ascertained. No algebraic symbol could stand for or represent the absent element. Neither can the mortality table of the state bring it within the criterion of a debt or claim "absolutely owing." It could be no more a continuing liability than any other debt which the bankrupt owed at the time. It is true that by the covenants of the contract referred to it is made a continuing liability, as much as language could make it, the duration of which is marked and measured by the life and lives of the parties to the contract. The law makes all debts of every character a continuing liability, so long as they remain unpaid, and lends force and dignity to such, and gives the same equal force as though specially stipulated and ratified by the parties. The language of the parties can give such contracts no more force than that given by law to similar contracts and agreements. The same is a continuing liability as long as the creditor or creditors do not, through laches or inadvertence, permit the same to become dormant and barred by the statute of limitations. It cannot be seriously considered or maintained that the covenant in the con-

tract (bond) under consideration, giving an annuity to M. C. Cobb of $25 per month, is any more sacred than the other covenant in the same instrument, whereby the said M. C. Cobb was to receive the sum of $12.50 per month during the life of the bankrupt as a rental for the building occupied by the bankrupt at the time of the commencement of the proceedings in bankruptcy. Both must come under the ban of section 63a, subd. 1; both rest upon the same plane; possess the same force and dignity.

In a court of equity many questions might arise, and conclusions be reached, which are not tenable in a court of bankruptcy. Due regard being had to the rights of other creditors, keeping in view that the ordinary contractual relations of the bankrupt are terminated by the adjudication, and giving consideration to the words of the statute, the claimant, if entitled to prove any claim based on the agreement, is only entitled to prove for what was absolutely due at the time of the filing of the petition in bankruptcy. The exceptions of the trustee are therefore sustained, and the decision of the referee reversed.

It is unnecessary to notice the exceptions in detail. In the view the court takes of the question presented, if the claim was presented within a year of the adjudication it will be proved and allowed for what was due at the date of the filing of the petition; if not presented within a year, it cannot be proved or allowed.