## In re PUGET SOUND ENGINEERING CO.

(District Court, W. D. Washington, N. D. December 30, 1920.)

No. 6460.

1. **Bankruptcy ☞89 (1)—Party can enter "appearance" only by "pleading."**

Under Bankruptcy Act, § 18b (Comp. St. § 9602), fixing the time for the bankrupt to appear and plead to the petition, and section 18e, requiring the judge to make adjudication or dismiss the petition if no pleadings are filed the last day allowed, there can be no "appearance," which is defined as coming into court as a party to a suit, without "pleading," which is a written allegation of what is affirmed on one side and denied on the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appearance; Pleading.]

2. **Courts ☞340—State practice does not obtain as to bankruptcy.**

The state practice act does not obtain in bankruptcy proceedings.

3. **Bankruptcy ☞100 (2)—Adjudication pro confesso not set aside, if tendered answer is insufficient.**

An adjudication in bankruptcy entered pro confesso will not be set aside on application of the alleged bankrupt, in the exercise of the court's discretion, where the answer tendered with the application is insufficient to controvert the act of bankruptcy alleged in the petition.

4. **Bankruptcy ☞58—"Preference" held given by recorded bill of sale under previous indemnity contract.**

Under Rem. & Bal. Code Wash. § 5291, making a bill of sale invalid, where property remains in the seller's possession, unless the bill of sale is recorded, a transfer by a contractor to his surety company was made by the bill of sale of his property recorded by the surety, not by the previous contract of indemnity, whereby he agreed to transfer such property to the surety, so that the transfer was a "preference," under Bankruptcy Act, § 60 (Comp. St. § 9644), if the bill of sale was recorded within four months of the filing of the petition and the contractor was then insolvent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preference.]

In Bankruptcy. Involuntary petition in bankruptcy against the Puget Sound Engineering Company. On application by the alleged bankrupt to set aside an adjudication in bankruptcy entered pro confesso. Application denied.

Tucker & Hyland and McClure & McClure, all of Seattle, Wash., for bankrupt.

Sidney Teiser and W. G. Keller, both of Portland, Or., for petitioners.

NETERER, District Judge. On November 22d petition in involuntary bankruptcy was filed and a subpœna issued, which was served on the 28th of November. On November 29th appearance was served and filed by attorneys for the alleged bankrupt, but it did not plead to the petition. On November 30th the attorney for the petitioner acknowledged receipt of a copy of the appearance, and stated in the letter that papers filed would be served upon the attorneys prior to the filing, and inquiring whether the adjudication would be contested. On

December 9th the alleged bankrupt, through its attorneys, replied to this letter, stating: "We will likely file an answer within a short time." On December 15th the attorneys for the petitioners, who resided at Portland, inclosed to the clerk an order of adjudication pro confesso, requesting the clerk to present it to the judge, and inclosed a copy of the letter to the attorneys for the alleged bankrupt. On the 16th the matter was called to the court's attention, and adjudication was made. On the 17th the petitioner, through its attorneys, moved to have vacated and set aside the order of adjudication, and permission given to file its answer. The 21st of December, at 10 o'clock, following, was appointed for hearing of the application, and notice was directed to be given to the attorneys for the petitioning creditors, and the tendered answer was directed to be served. By consent of all parties the matter went over to the 27th.

[1] The Bankruptcy Act does not recognize an appearance aside from pleading. Section 18b of the act provides that:

"The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow." Comp. St. § 9602.

A pleading is:

"A written allegation of what is affirmed on the one side and denied on the other, disclosing to the court or jury having to try the matter the real matter in dispute between the parties." Bouv. Law Dict.

Appearance is defined as:

"A coming into court as party to a suit, whether as plaintiff or defendant." Bouv. Law Dict.

The act supra, therefore, provides the coming into court and setting forth the contention with relation to the issue. Section 18e of the act, supra, provides:

"If on the last day within which pleadings may be filed none are filed * * * the judge shall on the next day * * * make the adjudication or dismiss the petition."

[2] The state practice act does not obtain in bankruptcy proceedings. It has been held that, where an answer is filed after the time specified, adjudication shall be made pro confesso as in the case of a failure to plead. Bray v. Cobb (D. C.) 91 Fed. 102; Brandenburg on Bankruptcy (4th Ed.) p. 278.

[3] It is urged that the adjudication was inadvertently made, and that in its discretion the court may set it aside. It is not necessary to determine now whether there is such discretion in the court. Under all of the circumstances, if it is a matter of discretion and the answer is sufficient, the adjudication would perhaps be set aside. An examination of the answer which is presented, however, discloses that the matters therein pleaded are not a defense, and the court would not do an idle thing.

Insolvency is pleaded in the petition, and I think appears in the record, and the acts of bankruptcy alleged are that within four months preceding the filing of the petition the alleged bankrupt transferred "all or a large portion of his property to one of his creditors, with

intent to prefer such creditor over his other creditors, * * * the property * * * was certain personal property located on the Pacific Highway, * * * " and also alleges transfer of certain trucks; that the transfer was made to the United States Fidelity & Guaranty Company. The answer denies insolvency, then alleges that prior to July, 1919, the alleged bankrupt obtained a contract from the state of Washington for the paving of Pacific Highway in said state between given points, and that the alleged bankrupt was required to give a bond in a large sum of money, which was furnished by the United Fidelity & Guaranty Company, and that as a part of the bond an indemnity agreement was made with the bonding company for its better protection, and in the agreement the alleged bankrupt did assign, transfer, and convey to the bonding company all right, title, and interest in all tools, plant, equipment, and materials of every nature, etc., and that as a part of the agreement the bonding company was subrogated to all of the rights and privileges and properties of the alleged bankrupt.

It is a part of the record in this case that the alleged bankrupt was unable to carry forward his contract, and on the 25th day of September, 1920, it by formal bill of sale did "grant, bargain, sell, and deliver" to the bonding company "all that certain personal property, possession of which is herewith delivered." Then is included the properties to which reference is made in the bonding agreement. It is recited in this bill of sale that the understanding was that the bonding company would faithfully carry out the contract under the terms of its bond, and that the bill of sale was made in pursuance of the contract made between the parties at the time that the bond was given.

[4] It is contended by the alleged bankrupt that the transfer is not within the purview of the Bankruptcy Act, and that, if it was, the transfer antedated the period of four months, in that the transfer was made in July, 1919, and such act would control. Duplan Silk Co. v. Spencer, 115 Fed. 689, 53 C. C. A. 321; Debus v. Yates (D. C.) 193 Fed. 427. This bill of sale was filed for record on the 30th day of September, 1920. If the transfer, within the purview of the Bankruptcy Act, was made in July, 1919, then no act of bankruptcy is alleged, and the bankrupt would have a good defense, even though insolvent, as insolvency and act of bankruptcy must be both present.

Section 60 of the Bankruptcy Act provides that:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, * * * made a transfer of any of his property, and the effect of the * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or the registering of the transfer, if by law such recording or registering is required." Comp. St. § 9644.

The possession remaining with the alleged bankrupt, the transfer was not operative as against creditors. Section 5291, R. & B. Code of the State of Washington, provides:

"No bill of sale for the transfer of personal property shall be valid, as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the said bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made."

The intent of the law is not to permit a party to pledge his property to secure one obligation—in this case, to the bonding company to secure the bond by transferring the property—and then use it as an unincumbered asset to secure further credit. The only operative bill of sale in this case against the creditors is that executed on September 25th, and recorded September 30th. That was within the prohibited period. Benner v. Scand. Am. Bank. 73 Wash. 488, 131 Pac. 1149, Ann. Cas. 1914D, 702; Morgan v. First Nat. Bank, 145 Fed. 466, 76 C. C. A. 236.

The provision of section 60, supra, by reason of section 5291, supra, is conclusive upon the Court.

The motion is denied.