The petition states that the schooner had a crew of thirty-one men, including two fishermen who are pressing claims in the state court. The negligence alleged is such a condition as would apply to members of the crew, and, if these claimants can press claims successfully, others in like relation could do likewise, and the fact that a number of the members of the crew appearing, the condition is alleged upon which claims are predicated, being stated, and the fear asserted, appear to be sufficient. Again, if the schooner had a value of only $10,000 at the close of the voyage, and $35,000 in claims are pressed, excess of asserted claims to the value of the schooner is apparent, if there is no pending freight.

Exceptions I and II are sustained, and III denied.

The libel may be amended in the particulars mentioned, and should further state as to whether the petitioner had knowledge or privity to the condition alleged.

**In re LAGO.**
**No. 45146.**

District Court, S. D. New York.
Nov. 11, 1929.

Max Schenkman, of New York City (Louis Joffe, of New York City, of counsel), for claimant.

David W. Kahn, of New York City, for trustee.

BONDY, District Judge.

After carefully considering the unmistakable terms of section 93, subd. (n) title 11, of U. S. Code (11 USCA § 93 (n), and all the authorities to which I have been referred, I am of the opinion that I have not the power to order the filing of the claim in question. Were the granting of the petition a matter of discretion, I should have exercised it in favor of the petitioner. The order therefore must be affirmed.

**McKESSON & ROBBINS, Inc., v. EDWARDS.**

District Court, S. D. New York.
Feb. 5, 1930.