M. Henry Mabtuscello, J.
This is an application by an assignee for the benefit of creditors for an order expunging a creditor’s proof of claim filed by Consumers Time Credit, Inc., hereinafter referred to as Consumers, on the ground that same was not timely filed.
The assignment for the benefit of creditors was recorded on June 24,1955. It appears that Consumers obtained a judgment for $70,636.80 against the assignor on July 1, 1955. On September 30, 1955, pursuant to an order of this court, the assignee caused to be duly published a notice to all creditors to file verified claims with vouchers attached on or before the 24th day of October, 1955, and also duly mailed notices to that effect *261 to all creditors, including Consumers. Said creditor apparently received the afore-mentioned notice, but instead of complying therewith moved on a petition, verified on December 30, 1955, to vacate the assignment on the ground that it was fraudulently executed. That matter was referred to an Official Referee to hear and report; and after a hearing thereon said Referee recommended that the motion be denied. By order of this court dated April 2,1957, the Referee’s report was confirmed and the motion to set aside the assignment was accordingly denied.
Thereafter, and on or about May 13, 1957, Consumers mailed to the assignee a sworn statement of account and proof of its claim. The assignee rejected the claim thus made on the ground that it is barred by subdivision 7 of section 15 of the Debtor and Creditor Law since it was not presented within one year after the recording of the assignment.
Said subdivision 7 of section 15, as amended in 1950 (L. 1950, ch. 758), provides as follows: u The court shall have power * * * 7. To direct upon the final settlement of the estate that the assignee pay to the lawful creditors their proportionate dividend notwithstanding their claim has not been presented in accordance with the notice sent out by the assignee. If a final dividend is ordered and paid not less than six months after notice to creditors to present their claims, the assignee shall have no liability to creditors whose claims have not been presented prior to entry of the order directing payment of the final dividend and which were unknown to him at the time. The court shall have no power to allow claims not presented within one year from the date of the recording of the assignment. ” (Italics supplied.)
Consumers contends that its petition, verified on December 30, sets forth that it had obtained a judgment against the debtor and it therefore constituted a proof of claim and since it was presented within a year of the recording, satisfied the requirement of the foregoing statute.
As it was the purpose of our Legislature to assimilate our State law to the Federal law in the matter of the administration of the estates of insolvent debtors, it has been the policy of our courts, in considering questions arising under an asignment, to be guided to some extent by the law and practice of the bankruptcy courts (Klumpp v. Gardner, 114 N. Y. 153; Matter of Vietor, 101 Misc. 308, affd. 183 App. Div. 883).
Section 57 of the Bankruptcy Act (U. S. Code, tit. 11, § 93) among other things, prescribes the requisites of a proof of claim and provides that a claim not filed within six months of the first *262 meeting of creditors shall not be allowed. The latter provision against proving claims is peremptory (Matter of Lago, 38 F. 2d 887) and claims against the estate shall not be allowed if filed after the six-month period. But if a claim in some form has been presented within the permissible time, it may be amended where a proper proof thereof is filed after the expiration of the time limit (Hutchinson v. Otis, 190 U. S. 552). The bankruptcy courts have shown great liberality in thus allowing amendments; and the tenor of the cases to that effect is that any assertion of a claim by a creditor made in the required period and appearing in the records of the bankruptcy proceeding, whether or not intended as a proof of claim, will serve as a basis for an amended proof of claim (Scottsville Nat. Bank v. Gilmer, 37 F. 2d 227). Thus, where a petition to examine a bankrupt made no mention that the petitioner was a creditor, but it appeared in the verification thereof that he was, said verification was held to be a sufficient proof of claim to support the filing of an amended proof of claim after the expiration of the prescribed period (Matter of Rottibell, 6 F. Supp. 244). Similarly, testimony taken before a Referee to determine the validity of an assignment was held to be a proof of claim sufficient to support a later amendment (Matter of Salvator Brewing Co., 193 F. 989). And specifications filed in opposition to confirming a composition, wherein the concern filing same was stated to be a creditor of the bankrupt, constituted a proof of claim sufficient to warrant the allowing of an amended claim filed after the expiration of the six-month period (Matter of Lipman, 65 F. 2d 366). (For other illustrations on this point, see Matter of Quality Pubs., 12 F. Supp. 651; Matter of Pant, 21 F. 2d 182; Matter of Roeber, 127 F. 122.)
The Federal rule allowing amendments was followed in Matter of Vietor (101 Misc. 308, affd. 183 App. Div. 883), cited above. That case was decided in 1917 and the court held that under subdivision 7 of section 15 of the Debtor and Creditor Law, it not only had the power, but that it was its duty to treat a formal proof of claim filed after the expiration of one year as an'amendment of a defective proof of claim filed previously thereto.
Consumers, by attacking the validity of the assignment, did not waive its right to share in the distribution of the estate, if entitled thereto. (Mills v. Parkhurst, 126 N. Y. 89, 93.) Its petition of December 30 may not have been intended as a proof of claim, but it was clear therefrom that it was a creditor with a claim against the assignor. Hence, it constituted a proof of claim sufficient to serve as a basis for allowing the formal proof *263 of claim filed on May 13,1957 as an amended proof thereof under the rule enunciated in the Vietor case.
Assignee, however, contends that the Vietor case is no longer authority and that the last sentence of subdivision 7 of section 15, italicized above, was enacted exactly as recommended by the Law Revision Commission and that it was intended thereby to take away from the court the power to allow an amended proof of claim after the expiration of one year from the recording of the assignment. The sentence in question does not warrant the interpretation thus advanced; nor is there support therefor in the recommendation of the Law Revision Commission or its study accompanying same.
Prior to the amendment thereof in 1950, subdivision 7 of section 15 of the Debtor and Creditor Law read as follows: “ The court shall have power * * * 7. To direct upon the final settlement of the estate that the assignee pay to the lawful creditors their proportionate dividend notwithstanding their claim has not been presented in accordance with the notice sent out by the assignee, provided one year has not elapsed since the filing of the general assignment.” (L. 1914, ch. 360; italics supplied.)
The phraseology of the present subdivision 7 of section 15 is exactly as was proposed by the Law Revision Commission. The recommendation for the enactment thereof was reported as follows:
“ [T]he Commission also proposes several modifications in the procedure under Article 2 of the Debtor and Creditor Law, which, it is believed, will promote economy and efficiency in the administration of debtors’ estates.
* * *
“ (4) Subdivision 7 of section 15 authorizes the court to direct, upon the final settlement of the estate, that the assignee pay their proportionate dividend to lawful creditors, notwithstanding that the claims of such creditors were not presented in accordance with the notice sent out by the assignee, ‘ provided that one year has not elapsed since the filing of the general assignment ’. (The term ‘ filing ’ of the assignment clearly means 6 recording ’.) The proviso, in terms, deprives the court of any power to allow claims not presented in accordance with the assignee’s notice unless the order directing their payment upon the final settlement of the estate is made within one year after the recording of the assignment. However, the filing of a claim within one year after the recording of the assignment is timely, and the claim may be allowed after expiration of a year *264 from the recording of the assignment. (Matter of Vietor, 101 Misc. 308 (1917), affirmed 183 App. Div. 883, affirmed upon another point, 224 N. Y. 707.) The assignee is not obligated to postpone final settlement of the estate until the expiration of the one year period, however, and an assignee who distributes the estate pursuant to the order of the court before that time will not be surcharged on the application of a creditor whose claim was not presented. (Matter of Rough Rider Shirt Co., 177 Misc. 1038 (1941).) It is proposed that section 15, subdivision 7, be amended to state that if a final dividend is ordered and paid not less than six months after notice to creditors to present their claims, the assignee shall have no liability to creditors whose claims have not been presented prior to entry of the order directing payment of the final dividend and which were unknown to him. The provision fixing a one-year period after which the court has no power to allow claims not presented in accordance with the assignee’s notice should be revised to state that the court has no power to allow claims which are not presented within one year from the date of the recording of the assignment.” (Italics added; see N. Y. Legis. Doc., 1950, No. 65 L.; 1950 Report of N. Y. Law Rev. Comm., pp. 285, 300-302.)
The former subdivision dealt primarily with the power of the court to allow claims with a proviso relative to a one-year period. Given a literal interpretation, as was pointed out in the above recommendation, it empowered the court to allow claims provided its order therefor was made within one year after the recording of the assignment. However, when broadly construed, it was held that the court had power thereunder to allow, after the expiration of said year, a claim filed, previously thereto, thereby rendering the proviso ambiguous. In its bill containing the proposed amendments to the Debtor and Creditor Law submitted to the Legislature for enactment, the commission appended a general note thereto, stating that some of the amendments were designed to clarify ambiguities in the present statutes (p. 296); and in its note relative to subdivision 7 explained the revision thereof as clarifying the meaning of the provision of that paragraph limiting the power of the court to allow claims.
If it had been the intention of the Legislature to bar, after one year, the court from exercising its power to allow claims not presented in accordance with the assignee’s notice, it would have found apt words for that purpose. Subdivision 7, as now worded, retained the grant of power to the court to allow such claims, and, significantly, did not attach thereto, as appeared in *265 the former subdivision, any proviso fixing a time limit, seemingly indicating that no period was prescribed for the exercise of said power. The provision therein that “ The court shall have no power to allow claims not presented within one year from the date of the recording of the assignment ’ ’, likewise imposes no time limit within which the court may exercise its power, but merely restricts its power to claims presented within one year, without specifying whether or not those claims are filed in accordance with the assignee’s notice.
I therefore hold that subdivision 7 of section 15 as amended in 1950, does not override the rule enunciated in the Vietor case, but, on the contrary, continues said rule without any diminution of its full force and effect.
There being no question that Consumers is a bona fide creditor, its proof of claim dated May 13, 1957 is deemed an amended proof of claim as of December 30, 1955; and the motion to expunge same is accordingly denied.
Submit order.